UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BRADLEY E. GREEN,

      **MEMORANDUM & ORDER**

     Plaintiff,    17-CV-5422 (DRH) (ARL)

  -against-

PAUL HINDS, TRICIA DANIEL, SEAN
CADDELL, PAM PHELAN, SHANE REESE,
DENISE MOORE, CAROL MUSOKOTOWANE
and CAROL BROWN,

      Defendants.
-------------------------------------------------------X

**APPEARANCES:**

**For Plaintiff:**
Abrams, Fensterman, Fensterman, Ferrara. Wolf & Carone, LLP
1 MetroTech Center Suite 1701
Brooklyn, New York 11201
By:  Justin T. Kelton, Esq.

**For Defendants Paul Hinds, Tricia Daniel, Sean Caddell, Pam Phelan, Shane Reese, Denise Moore, and Carol Musokotowane**
Richard P. Donoghue
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
By:  Diane C. Leonardo, A.U.S.A.

**HURLEY, Senior District Judge:**

   Presently before the Court are objections by plaintiff Bradley E. Green ("Green" or

Plaintiff") to the Report and Recommendation, dated December 10, 2018 ("R&R"), of

Magistrate Judge Arlene R. Lindsay recommending that the motion to dismiss by Defendants

Sean Caddell ("Caddell"), Tricia Daniels ("Daniels"), Paul Hinds ("Hinds"), Denise Moore

("Moore"), Carol Musokotowane ("Musokotowane"), Pam Phelan ("Phelan"), and Shane Reese ("Reese") (collectively " USPS Defendants")[1] be granted. For the reason set forth below, the Court adopts the R & R of Judge Lindsay and grants the USPS Defendants' motion to dismiss.

## BACKGROUND

### I.     Factual Background

The following factual allegations are taken from the complaint ("Compl.").

Plaintiff commenced this action "to recover damages for defamation and intentional infliction of emotional distress caused by the Defendants' false and malicious attacks against Plaintiff, who was a longtime and well-respected employee of the United States Postal Service (the "USPS") before the Defendants' smear campaign led directly to his termination." (Compl. ¶ 1.) After a promotion in October 2015 to the position of Supervisor of Customer Relations, Plaintiff was transferred to the Brentwood Post Office, where Defendant worked, with the mission to clean up that branch. (*Id*. ¶ 2.) Defendants "resented Plaintiff's mission and feared what it might reveal about their conduct, so they conspired to stop Plaintiff at all costs, and concocted a scheme designed to destroy Plaintiff's reputation, career and life." (*Id*. ¶ 3, *see also id*. ¶ 28.) As part of this plan, Defendants "invented and circulated vicious rumors, falsely claiming both orally and in writing that Plaintiff had said and/or done vile racist, sexist, or otherwise extremely offensive and illegal things." (*Id*. ¶ 4; *see id.* ¶¶ 28-72.) Brown, "a Financial Secretary of the National Association of Letter Carriers and former employee of the USPS," is claimed to be the driving force behind this campaign. (*Id.* ¶¶ 15, 30-36.)

---

[1]  The USPS Defendants and defendant Carol Brown ("Brown") are collectively referred to as Defendants.

In February 2017, Plaintiff was informed that complaints had been filed against him alleging he was racist, sexist and had created a hostile work environment; the complaints were apparently based on the rumors spread by Defendants. An investigation ensued. It is alleged that the investigation was "not conducted in an appropriate, confidential, and/or good faith manner," with Brown inserting herself into the investigation "even though she was not an employee of USPS and was not assigned by the USPS to conduct any official investigation." (Compl. ¶¶75-84.) Examples of the alleged improper manner in which the investigation was conducted include "Brown and/or the USPS" ignoring exculpatory evidence, sharing writings concerning witness interviews, and sharing witness statements "with third parties who had no legitimate business need to review such information." (*Id.* ¶¶78-88.) On June 2, 2017, the USPS issued a "Notice of Proposed Removal" to Plaintiff which "contained false and defamatory claims about Plaintiff, and conclusively demonstrates that the Defendants' false rumors about Plaintiff led directly to the loss of Plaintiff's career," as he was terminated in November 2017. (*Id.* ¶¶89-93)

## II.    Procedural Background

In August 2017, Green commenced an action against Defendants in the Supreme Court of the State of New York, County of Suffolk, by means of a summons with notice, a procedure authorized under New York law.[2] The summons with notice contained the following description of the nature of the action:

> The nature of this action is Defamation by Slander and Libel. Specifically, upon information and belief, each Defendant made false oral statements of fact to at least one other person, as well as written false statements of fact to at least one other person, regarding plaintiff, which resulted in Plaintiff receiving a "Notice of Removal" from his position as supervisor with the United States Postal Service

---

[2] *See* N.Y. CPLR § 304 ("An action is commenced by filing a summons and complaint or summons with notice . . . . If the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought . . . .")

("USPS"), and because of which Plaintiff is currently fighting termination of his job and livelihood. The stress of these false accusations and resulting treatment of Plaintiff at his place of employment had led to a medical condition requiring leave from Plaintiff's employment, even while he fights these false, coordinated accusations intentionally designed to cost him his career at USPS.

Upon information and belief, Defendants made statements to USPS management that Plaintiff made obscene and offensive comments including but not limited to calling staff and colleagues "porch monkeys," "niggers," "faggot," "princess," "spic," "bitch," and "pieces of shit." Defendants also accused Plaintiff of engaging in smear campaigns on Facebook. All of these accusations are false.

These statements were made orally and then reduced to writing, and signed by the Defendants. These statements are the basis for the "Notice of Removal" from his employer that Plaintiff received on June 2, 2017.

(DE 1 at 5-7.)

On September 15, 2017 the USPS Defendants filed a notice of removal together with a certification signed by the United States Attorney's office indicating that Defendants were acting within the scope of their employment at the time of the incidents from which the claim arose. (DE 1.) After the certification was filed, the United States learned that Brown had retired before the occurrence of the incidents alleged in the complaint but was still an officer of the USPS union during the period at issue. (USPS Defs.' Mem. at 1 n.1.)

On December 27, 2017, Plaintiff file a complaint (DE 6); thereafter Defendant moved to dismiss (DE 31). The motion was referred to Judge Lindsay who issued an R&R recommending that the motion be granted as the certification was proper, the court lacks subject matter jurisdiction to entertain the defamation claim and a claim for intentional infliction of emotional distress was not properly pleaded. (DE 32.) On January 7, 2019, Plaintiff filed objections thereto.

**DISCUSSION**

I.      **Applicable Standards**

      A.      **Review of a Report and Recommendation**

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made.  Fed. R. Civ. P. 72(b). Here, Plaintiff essentially challenges the entirety of Judge Lindsay's R & R. Specifically, he contends that Judge Lindsay erroneously concluded that the USPS Defendants' conduct was within the scope of their employment, incorrectly found that Green was required to pursue administrative remedies and incorrectly recommended dismissal of the claim for intentional infliction of emotional distress. (Pl.'s Obj. at 2-3.) Accordingly, the Court shall conduct a de novo review of the R&R.

      B.      **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). "In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.' " *MacPherson v. State St. Bank & Trust Co.*, 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting *Reserve Solutions Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 286 (S.D.N.Y. 2006)), *aff'd,* 273 F. App'x 61 (2d Cir. 2008); *accord Tomaino v. United States*, 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the

Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

### C. Motion to Dismiss Pursuant to Fed. R. of Civ. P. 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action, a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts

that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between

possibility and plausibility of 'entitlement to relief.' " *Id*. at 678 (quoting *Twombly*, 550 U.S. at

556-57) (internal citations omitted); *see In re Elevator Antitrust Litig*., 502 F.3d 47, 50 (2d Cir.

2007).  Determining whether a complaint plausibly states a claim for relief is "a context specific

task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

### D.    The Scope of Employment Certification

### 1.    Background

Under the Federal Tort Claims Act ("FTCA"), as amended by the Westfall Act,  the

remedy against the United States under the FTCA for tortious acts committed by employees

acting within the scope of employment is exclusive of any other civil action or proceeding

against the employee. 28 U.S.C. § 2679(b)(1). When the Attorney General certifies that the

tortious acts alleged against a federal employee were committed while the employee was acting

within the scope of employment, the United States is to be substituted as defendant for the

employee. *Id*. § 2679(d)(1). For actions pending in a state court, the United States is to be

substituted as defendant upon certification by the Attorney General that the employee was acting

within the scope of employment and the case is to be removed to federal court. *Id*. § 2679(d)(2);

*see Osborn v. Haley*, 549 U.S. 225, 233-34 (2007).

> A district court will conduct de novo review of a § 2679(d) certification if
> plaintiffs "allege with particularity facts relevant to the scope-of-employment
> issue." *McHugh v. University of Vermont*, 966 F.2d 67, 72, 74 (2d Cir.1992); *see
> also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 436–37, 115 S. Ct. 2227,
> 132 L.Ed.2d 375 (1995). In conducting such review, the district court applies state
> law principles pertaining to when intentional torts conduct falls within the scope
> of a party's employment. *See McHugh*, 966 F.2d at 75; *Cronin v. Hertz Corp*.,
> 818 F.2d 1064, 1065 (2d Cir.1987). The court must view the tortious conduct in
> the light most favorable to plaintiff, but it makes its own findings of fact with
> respect

> to the scope of the tortfeasor's employment and, in so doing, the court may rely
> on evidence outside the pleadings. *See McHugh*, 966 F.2d at 74–75.

*Bello v. U.S.,* 93 F. App'x 288, 289–90 (2d Cir. 2004). A plaintiff challenging the scope of

employment determination must come forward with particular facts establishing the defendant

employees were not in fact acting within the scope of their employment. *Regnante v. Sec. &*

*Exch. Officials*, 134 F. Supp. 3d 749, 768 (S.D.N.Y. 2015).

  In accordance with the Supreme Court's decision in *Osborn*, the scope of employment

inquiry in a case alleging defamatory statements "addresses whether [those] statements were

made 'on duty at the time and place of an 'incident alleged in a complaint.'" *Bowles v. United*

*States*, 685 F. App'x 21, 23 (2d Cir. 2017) (quoting *Osborn*, 549 U.S. at 247.) "The truth or

falsity of the statements is not then at issue. 'Were it otherwise, a federal employee would be

stripped of suit immunity not by what the court finds, but by what the complaint alleges.' And 'it

would make scant sense to read the Act as leaving an employee charged with intentional tort to

fend for himself when he denies wrongdoing and asserts that he engaged in only proper behavior

occurring wholly within the scope of his office or employment.'" *Id.* (quoting *Osborn*, 549 U.S.

at 247-48). So too, allegations that a defendant acted "maliciously or for purposes of retaliation"

do not play a part in the scope of employment determination. *See id*. at 24 (citing *Osborn*, 549

U.S. at 250-51). In other words, whether the alleged statements were made in the scope of

employment "does not address the merits of the defamation claim, but the threshold question of

whether the [employee] – rather than the United States – need defend claims relating to those

statements." *Id.* (citing *Osborn*, 549 U.S. at 238-39).

## 2. Discussion

Preliminarily, the Court will address Plaintiff's argument that there were "[s]ignificant [d] fficiencies" in the certification. (Pl.'s Obj. (DE 34) at 9.)

The first such asserted "deficiency" is that the certification attached to the Notice of Removal was "premature" (Pl.'s Mem. in Opp. (DE17) at 1), because it was "filed *before* Mr. Green's Complaint had been served and, therefore *before* the Defendants or the Government had any basis to know whether the acts that formed the bases of Mr. Green's claims were actually within the scope of the USPS Defendants' employment . . . ." (Pl.'s Obj. at 9 (emphasis in original).) The Court finds this argument unpersuasive in view of the notice portion of Summons with Notice. Specifically, the statement in the notice that "each Defendant made false oral statements of fact to at least one other person, as well as written false statements of fact to at least one other person, regarding plaintiff, which resulted in Plaintiff receiving a "Notice of Removal" from his position as supervisor with the United States Postal Service ("USPS"), and because of which Plaintiff is currently fighting termination of his job and livelihood" provides a reasonable basis to conclude the action concerned statements made by the defendants to the employer which led to Plaintiff's termination.

The second alleged "deficiency" relates to the inclusion of Brown in the certification. Plaintiff's argument, unsupported by any case law, is that the certification's incorrect inclusion of Brown demonstrates that the "Government simply filed a certification as a matter of course, without regard to the facts of this case." (Pl.'s Obj. at 10.) Perhaps if Brown had been a stranger to the USPS this argument might have some merit. But she was not a stranger as she was retired from the USPS and continued to maintain a role as a Union Representative. That, and the fact

that the government was forthright in bringing its error to the attention of the Court, requires the rejection of Plaintiff's argument.

The Court now turns to Plaintiff's assertion that the R&R misapplied New York law and misconstrued the complaint's factual allegations leading to the erroneous conclusion that the conduct of the USPS Defendants was within the scope of their employment.

Here, Plaintiff has failed to allege with particularity facts relevant to the scope of employment issue and therefore *de novo* review of the employment certification is not warranted. Assuming arguendo that *de* novo review of the certification is appropriate, the Court finds that plaintiff has not sustained his "burden of showing the certification was improper." *Catania v. Herbst*, 916 F. Supp. 2d 266, 269 (E.D.N.Y. 2013).

Under New York an employee's tortious acts fall within the scope of his employment if "done while the servant was doing his master's work, no matter how irregularly, or [in] disregard of instructions." *Pizzuto v. County of Nassau*, 239 F. Supp. 2d 301, 313 (E.D.N.Y. 2003) (quoting *Riviello v. Waldron*, 47 N.Y.2d 297, 418 N.Y.S.2d 300, 391 N.E.2d 1278, 1281 (1979)) (internal quotation marks omitted). In making that determination, courts consider the following factors: " '(1) whether the time, place and occasion for the act was connected to the employment; (2) the history of the employer-employee relationship in actual practice; (3) whether the act is one commonly done by such an employee; (4) the extent to which the act departs from normal methods of performance; and (5) whether the act was one that the employer could reasonably have anticipated.' " *Asto v. Mirandona*, 372 F. Supp. 2d 702, 707 (E.D.N.Y. 2005) (quoting *Bello*, 93 F. App'x at 289 (citing *Riviello v. Waldron*, 418 N.Y.S.2d 300 (1979)); *see also Pizzuto*, 239 F. Supp. 2d at 313.

Applying the foregoing, the certification in this matter was properly made. First, there is nothing to indicate that any of the alleged statements were made at a place other than the place of employment, i.e. postal facilities. The allegations with respect to the alleged defamatory statements, whether written or oral, made either to initiate the investigation into Plaintiff or during the course of that investigation, which statements reported alleged discriminatory and inappropriate remarks made by a supervisor during the course of employment are acts that an employer can not only reasonably anticipate but should encourage, *inter alia*, in view of the various employment discrimination laws. They also fall within the category of an acts that employees commonly engage in. So too, statements by the USPS Defendants about their work environment and supervisor made to Brown, a union representative, are properly characterized as both "commonly done" and "reasonably anticipated." While the complaint does assert that Moore "likely" spread a "rumor" to "third parties" (Compl. ¶ 60) and that Musokotowane told "at least one third party" (Comp. ¶ 70), Plaintiff fails in his burden of demonstrating the certification was improper given the absence of any specifics as to the identity of the third party and where the communication took place.

Having determined that the certification was proper, the United States is properly substituted as Defendant in lieu of the USPS Defendants.

### E.    Subject Matter Jurisdiction

In her R & R, Judge Lindsay recommended that the case be dismissed for lack of jurisdiction for two reasons. First, the waiver of sovereign immunity set forth in the FTCA does not apply to defamation claims as they are specifically excluded under the statute. (R & R at 16.) Second, even if the defamation claims were permissible, Green failed to exhaust his administrative remedies are required by 29 U.S.C. §§ 2401(a), 2675(a). Plaintiff's objection to

this portion of the R &R is premised on the argument that his "claims are properly asserted against the USPS Defendants (as opposed to the United States) and accordingly [he] was not obligated to undertake any administrative procedures prior to filing." (Pl.'s Obj. at 2, *see also id.* at 10). As the Court has determined that substitution of the United States for the USPS Defendants was proper, this ground is rejected and Judge Lindsay's R & R on this issue is confirmed.

### F.    The Claim for Intentional Infliction of Emotional Distress.

Plaintiff challenges both grounds upon which Judge Lindsay recommended dismissal of the claims for intentional infliction of emotional distress, i.e., that Plaintiff failed to meet the pleading requirements and that it is falls within the ambit of his claim for defamation.

"To state a claim for intentional infliction of emotional distress a party must allege '(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress.'" *Sesto v. Slaine*, 171 F. Supp. 3d 194, 201-02 (S.D.N.Y. 2016) (quoting *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). The bar for pleading this claim is "extremely high" and the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* (internal quotations marks omitted). "Even where a defendant is alleged to have acted 'with an intent which is tortious or even criminal, or has intended to inflict emotional distress, or has even engaged in conduct that has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort, there can be no claim if the conduct at issue is not utterly reprehensible.'" *Ostrowsky v. Depart. of Educ. of NYC*, 2013 WL 5963137, at *11 (E.D.N.Y. Nov. 7, 2013) (quoting *Freedom Calls Found. v.*

*Bukstel*, 2006 WL 2792762, at *3 (E.D.N.Y. Sept.7, 2006). "Defamatory statements—even when motivated by a desire to see an employee terminated or prevented from securing new employment—are generally not sufficiently extreme and outrageous to support a claim of intentional infliction of emotional distress." *Id.*

The allegations in the Complaint fail to meet this exacting standard. Moreover, Plaintiff has not plead any facts beyond those necessary to sustain his claims for defamation. Finally, this claim is subject to administrative exhaustion pursuant to 28 U.S.C. 2675(a). As Plaintiff has not exhausted, it is also dismissed due to lack of subject matter jurisdiction.

## CONCLUSION

The R & R of Judge Lindsay is adopted and the motion of the USPS Defendants to dismiss is granted.

**SO ORDERED.**

Dated: Central Islip, New York  
      February 14, 2019

       s/ Denis R. Hurley  
Denis R. Hurley  
United States District Judge